**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| ELEX L. MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-CV-189 ACL |
| | ) |
| UNKNOWN CALVDO, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Elex Murphy, an inmate at the

Southeast Correctional Center (SECC), for leave to commence this civil action without

prepayment of the required filing fee. Having reviewed the motion and the financial information

submitted in support, the Court has determined to grant the motion, and assess an initial partial

filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below,

the Court will give plaintiff the opportunity to file an amended complaint.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is

required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison

account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial

filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account,

or (2) the average monthly balance in the prisoner's account for the prior six-month period. After

payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20

percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. §

1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court

2

should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff, an inmate at SECC, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. He names the following correctional officers as defendants in this action: Unknown Calvdo; Unknown Lutes; and Unknown Douglass. Plaintiff brings this action against defendants in their individual and official capacities.

Plaintiff states in a conclusory manner that in December of 2019 he was subjected to excessive force by "defendants." He claims that defendant Calvdo called a "Code 16"[1] because his cell window was covered. Plaintiff alleges that when the officers came into his cell, he was standing by the sink, and he asked, "Why are you coming in my cell?"

Plaintiff states that at that time, defendant Calvdo had his can of pepper spray out, and he gave a verbal directive to plaintiff to submit to restraints. Plaintiff alleges defendant Calvdo then deployed his pepper spray. However, plaintiff does not indicate what factual circumstances occurred prior to the deployment of the pepper spray, and he fails to articulate that he suffered an injury as a result of the use of force. Plaintiff additionally fails to articulate what the other two defendants were doing in the cell at that time.

---

[1]Plaintiff does not explain the meaning of a "Code 16" in his complaint.

3

Plaintiff asserts that once he was fully restrained, he was taken to the security bench and he requested to see medical, but he was denied medical treatment. Plaintiff alleges that he also sought mental health treatment, but he was also denied mental health treatment at that time. Plaintiff does not indicate, however, why he needed to see medical or why he sought mental health treatment. Plaintiff also fails to state which defendant denied his requests for medical and mental health treatment.

Plaintiff requests compensatory and punitive damages in this action.

## Discussion

As currently plead, this action is subject to dismissal. Plaintiff has failed to explain the circumstances surrounding the alleged excessive force incident, and he has failed to allege that he suffered an injury as a result of the alleged force. An excessive force claim must show some actual injury. *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994); *Cummings v. Malone*, 995 F.2d 817, 822-23 (8th Cir. 1993). In fact, the Eighth Circuit has found that no excessive was used when a limited application of pepper spray was used to control a recalcitrant inmate. *Jones v. Shields*, 207 F.3d 491 (8th Cir. 2000).

Moreover, plaintiff has not indicated that he suffered a medical injury after the use of force such that defendants were deliberately indifferent in failing to care for that injury. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019) (To prevail on a deliberate indifference claim, a prisoner plaintiff must demonstrate that he suffered from an objectively serious medical need, and that defendants actually knew of and disregarded that need.)

Additionally, plaintiff has only mentioned defendant Calvdo with respect to the allegations in the complaint regarding the allegations of force, and no defendant was mentioned with respect to the allegations of deliberate indifference to his medical needs. "Liability under § 1983 requires

4

a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990), *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Plaintiff cannot hold the defendants liable simply because they held supervisory or administrative positions. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (claims sounding in respondeat superior are not cognizable under § 1983).

The Court will give plaintiff the opportunity to file an amended complaint to set forth new claims for relief. Plaintiff is advised that the amended complaint will replace the original. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and he must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff must type, or very neatly print, the amended complaint.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. Plaintiff should also indicate whether he intends to sue the defendant in his or her individual capacity, official capacity, or both.[2] Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim.

---

[2] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

5

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write the specific facts supporting his claim or claims against the defendant. If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a blank copy of the Court's prisoner civil rights complaint form.

6

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within twenty-one **(21) days** of the date of this Order.

**Plaintiff's failure to timely comply with this Order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 2nd day of March, 2021.

Ronnie L. White

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

7.