# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| ELEX L. MURPHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:20-CV-189 ACL |
| | ) |
| UNKNOWN CALVDO, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint. Because plaintiff is proceeding in forma pauperis and is a prisoner, the Court is required to review plaintiff's amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim upon which relief may be granted. After reviewing the allegations contained in the complaint, the Court will issue process on plaintiff's individual capacity claims of excessive force against defendants Unknown Calvdo and Unknown Douglass. However, plaintiff's official capacity claims against defendants will be dismissed. Additionally, to the extent plaintiff is seeking claims for deliberate indifference to his medical needs, these claims are also subject to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**Background**

Plaintiff, an inmate at SECC, filed this action on September 4, 2020, alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. In his original complaint, he brought allegations against the following defendants in their individual and official capacities: Unknown Calvdo; Unknown Lutes; and Unknown Douglass.

On March 2, 2021, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 and found that as currently alleged, plaintiff's complaint failed to state a claim upon which relief

2

could be granted. Plaintiff was instructed to file an amended complaint on a court-provided form within twenty-one (21) days of the Court's Order.

Plaintiff filed his amended complaint on March 29, 2021.

### The Amended Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. He names the following individuals as defendants in his amended pleading: Unknown Calvdo and Unknown Douglass. Plaintiff brings this action against defendants in their individual and official capacities.

Plaintiff asserts that in December of 2019, during his incarceration at SECC, he was subject to excessive force by "defendants." He claims that Unknown Douglass was escorting the nurse on her evening medication pass and he refused to provide plaintiff his medication because he was asleep. Plaintiff states that he was "awakened by others" and he called after the nurse and defendant Douglass to return to his cell but they ignored him. Plaintiff asserts that he began kicking his cell door, requesting to see a Sergeant. Unknown Calvdo responded to plaintiff's remonstrations and told plaintiff he would see what he could do about getting him his medication.

Plaintiff alleges that defendant Calvdo left his cell for a short time, and when he returned, he told plaintiff that he would not be getting his medication. Plaintiff states that he then asked to speak to the Lieutenant, but his request was denied. Plaintiff admits that he then covered his cell window. He acknowledges that when defendant Douglass came around sometime later for a "soap and tissue pass," Douglass knocked but plaintiff did not respond. His window was covered at this time.

3

Unknown Calvdo then returned to plaintiff's cell and called in a "Code 16," which should only be called in when someone is unresponsive (medically) inside their cell.[1] Plaintiff alleges that when Calvdo, as well as other officers came into his cell, he was standing by the sink, and he asked, "Why are you coming in my cell?"

Plaintiff states that at that time, defendant Calvdo had his can of pepper spray out, and he gave a verbal directive to plaintiff to submit to restraints. Plaintiff alleges defendant Calvdo then deployed his pepper spray. Plaintiff alleges that he was on the ground "fully restrained" when defendant Douglass deployed another round of mace in plaintiff's face.

Plaintiff claims that he sustained a small burn to the left of one of his eyes. He states that he also sustained a cut to one of his wrists. Plaintiff also states in a conclusory manner, that he was denied mental health treatment when he was going to hang himself. However, plaintiff does not indicate who denied him the mental health treatment.

Plaintiff asserts that once he was fully restrained, he was taken to the security bench and he requested to see medical, but he was denied medical treatment. He states that at this time it was hard for him to breathe, his left eye was burning. He states that after two hours, a nurse came to see him but no treatment was provided for the mace.

Plaintiff requests compensatory and punitive damages in this action.

## Discussion

After review of the complaint in its entirety, the Court will issue process on plaintiff's individual capacity claims for excessive force against defendants Unknown Douglass and Unknown Calvdo. However, plaintiff's remaining claims in this lawsuit will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] Plaintiff does not indicate whether Calvdo also knocked and attempted to get plaintiff to take the covering from his cell window prior to calling in the "Code 16."

4

### A. Official Capacity Claims

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (internal citation omitted). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson*, 172 F.3d at 535. Here, defendants are employees of the Missouri Department of Corrections ("MDOC"). Naming a state official in his or her official capacity is the equivalent of naming the government entity that employs the official – the State itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71.

In addition, in the absence of a waiver, the Eleventh Amendment[2] bars a § 1983 suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). Accordingly, to the extent plaintiff seeks monetary damages against the defendants, his official-capacity claims are barred by the Eleventh Amendment and should be dismissed. *Andrus ex rel. Andrus v. Ark.*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment.").

The Court will next address plaintiff's individual capacity claims against defendants Douglass and Calvdo.

---

[2] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI.

## B. Individual Capacity Claims

At this stage of the litigation, the Court must take plaintiff's allegations as true. As plaintiff has described the situation, Unknown Calvdo called in a "Code 16" to engage several officers to come into his cell, including defendant Douglass as a result of plaintiff having covered the window on his cell. Although plaintiff admits that he did not respond to defendant Douglass' knocking on his cell door, he does not indicate whether defendant Calvdo also attempted to reach him verbally prior to calling in the "Code 16."

The Eighth Amendment protects incarcerated prisoners from the unnecessary and wanton infliction of pain by correctional officers. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Jones v. Shields*, 207 F.3d 491, 494 (8th Cir.2000).[3] Officers may reasonably use force in a "good-faith effort to maintain or restore discipline" but may not apply force "maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. In considering whether force was reasonable or used in good faith, the Court may consider: (1) whether there was an objective need for force; (2) the relationship between any such need and the amount of force used; (3) the threat reasonably perceived by the correctional officers; (4) any efforts by the officers to temper the severity of their forceful response; and (5) the extent of the inmate's injury. *Hudson*, 503 U.S. at 7; *Treats v. Morgan,* 308 F.3d 868, 872 (8th Cir.2002).

Plaintiff alleges two salient factual allegations relative to excessive force: (1) defendant Calvdo pepper sprayed him immediately after giving him a verbal directive to submit to restraints but before he had a chance to do so and (2) defendant Douglass pepper sprayed him in the face

---

[3]The Eighth Circuit has made it clear that *Jones* "did not hold that all applications of pepper spray result in de minimis injury." *Lawrence v. Bowersox,* 297 F.3d 727, 731 (8th Cir.2002). Instead, "[r]esolution of the constitutional issue turns on the circumstances of the individual case or the particular 'prison setting.'" *Treats*, 308 F.3d at 872 (quoting *Jones*, 207 F.3d at 495).

6

after he was already in restraints. Plaintiff also alleges that he suffered medical injuries to his face and wrist after the incident, and he states that he was denied medical treatment after the incident and was instead left shackled to a bench for in excess of two hours rather than allowed to flush his eyes.

The Court finds that plaintiff has stated enough facts at this time to issue process on plaintiff's individual capacity claims against defendants Calvdo and Douglass for excessive force. Plaintiff, however, does not indicate who allegedly denied him medical treatment after he was maced. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990), *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Thus, the Court is unable to serve process on a claim for deliberate indifference to medical care.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Unknown Calvdo and Unknown Douglass, correctional officers at SECC, in their individual capacities, as to plaintiff's claims of excessive force in violation of the Eighth Amendment. Defendants shall be served in accordance with the waiver of service agreement this Court maintains with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Unknown Calvdo and Unknown Douglass shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to plaintiff's official capacity claims against defendants Unknown Calvdo and Unknown Douglass because, as to these claims, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to plaintiff's claims for deliberate indifference to his medical care, as to these claims, the complaint is legally frivolous or fail to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order

Dated this 8th day of April, 2021.

_Ronnie L. White_
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE